UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 2:11-cr-20109

v.                          HONORABLE STEPHEN J. MURPHY, III

D-1, TIMOTHY RICE,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES [45]

Defendant Timothy Rice pleaded guilty to possession with intent to distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 3); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and (c)(1)(A)(i) (Count 7); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and (a)(2) (Count 8). ECF 36. The Presentence Investigation Report calculated Rice's total offense level at 25 and placed him in criminal history category II. *See* ECF 42.

At sentencing, however, the Court found that Rice's total offense level was 23. The Sentencing Guidelines provided for 51–63 months imprisonment on Counts 3 and 8 plus 60 consecutive months on Count 7. Rice's overall resulting guideline range was 111–123 months. The Court granted Rice a downward variance of 15 months and sentenced him to 96 months imprisonment. Rice now moves the Court to reduce his sentence under 18 U.S.C. § 3582 and Amendment 782 to the drug quantity Sentencing Guidelines.

Amendment 782 retroactively lowered the sentencing guidelines for drug offenses by two levels. To determine whether a retroactively lowered sentencing guideline applies, § 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 825

(2010). First, a court must determine "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" in U.S.S.G. § 1B1.10. *Id.* at 826. Second, a court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. If Amendment 782 "had been in effect at the time [Rice] was sentenced," then his total offense level would have been reduced by two levels, from 23 to 21. § 1B1.10(b)(1). Rice's amended guidelines range would have been 41–51 months for Counts 3 and 8 consecutive to 60 months for Count 7. Accordingly, application of Amendment 782 would lower Rice's guideline range from 111–123 months to 101–111 months imprisonment.

Under § 1B1.10(b)(2)(A), the Court may not reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range" except for substantial assistance, which does not apply here. *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014) (quoting § 1B1.10(b)(2)(A)). Rice received a sentence of 96 months imprisonment, which is below his amended guideline range of 101–111 months. The Court therefore lacks authority under § 3582(c)(2) to reduce his sentence any further.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Retroactive Application of Sentencing Guidelines [45] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: May 9, 2017            United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 9, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager